■ CHEMICAL BANK, Respondent, v SANDY SEPLER et al., Appellants. — Appeal from order, Supreme Court, New York County (Lehner, J.), entered on May 28, 1982 dismissed, without costs and without disbursements, as having been subsumed in the appeal from the judgment; appeal from order of said court entered on September 3, 1982 is dismissed, without costs and without disbursements, as nonappealable; and judgment of said court entered on June 4, 1982, affirmed for the reasons stated by Lehner, J., at Special Term.

Respondent shall recover of appellants one bill of $75 costs and disbursements of this appeal. Concur — Murphy, P. J., Carro and Kassal, JJ.

Kupferman and Sandler, JJ., dissent in a memorandum by Kupferman, J., as follows: This is an action to recover on a guarantee of corporate obligations. The plaintiff bank's motion for summary judgment was granted, and the defendants' cross motion for summary judgment was denied. The defendants were officers, directors and shareholders in a closely held corporation which manufactured sportswear for children, which company is in reorganization under chapter 11 (US Code, tit 11). In 1972, the defendants executed the personal guarantees in connection with an unsecured loan to the corporation. That loan was repaid in 1975, when the corporation entered into an accounts receivable agreement with another factor, and the plaintiff bank was paid out. Thereafter, the relationship between the corporation and the plaintiff bank had to do only with factoring arrangements which the bank had with other companies, whereby the corporation purchased merchandise, and the sellers factored their accounts receivable with the plaintiff bank. Involved here are the accounts receivable of some three companies who sold merchandise to the corporation, which accounts receivable were not paid because the corporation filed for bankruptcy. There are three provisions in the original guarantee, a printed form, which apply: "WHEREAS, the Bank is unwilling to extend or continue credit to the Borrower unless it receives a guaranty of the undersigned covering the Liabilities of the Borrower to the Bank, as hereinafter defined. NOW, THEREFORE, in consideration of the premises and of other good and valuable consideration and in order to induce the Bank from time to time, in its discretion, to extend or continue credit to the Borrower, the undersigned hereby guarantees, absolutely and unconditionally, to the Bank the payment of all liabilities of the Borrower to the Bank of whatever nature, whether now existing or hereafter incurred, whether created directly or acquired by the Bank by assignment or otherwise * * * This guaranty is a continuing guaranty and shall remain in full force and effect irrespective of any interruptions in the business relations of the Borrower with the Bank; provided, however, that the undersigned may by notice in writing, delivered personally to or received by registered mail by, an officer of the Bank at the Bank's office at 349 Fifth Ave., New York, New York, terminate this guaranty with respect to all Liabilities of the Borrower incurred or contracted by the Borrower or acquired by the Bank after the date on which such notice is so delivered or received." While the language above mentioned seems to indicate that the guarantee covers liabilities "acquired by the Bank by assignment", there is also a provision for terminating the guarantee. In addition, the WHEREAS clause refers to extending credit to the borrower, and it does not mention third parties involved in factoring. It is the contention of the defendants that the guarantee terminated at the time that their new factor arrangement came into being in 1975 and the plaintiff bank was paid out on its loan to the corporation. It would seem strange that a guarantee signed in 1972 could be used to cover factoring agreements between the plaintiff and other merchandisers five years after the plaintiff was paid out on its loan to the corporation. It may very well be that at the closing, where the new factor took over for the corporation, it was made plain that the guarantee terminated. I would modify to deny summary judgment to the plaintiff so that at trial the intentions of the parties could be made clear.