■ REPUBLIC NATIONAL BANK OF NEW YORK, Appellant-Respondent, v DAVID HADDAD, Respondent-Appellant.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered June 10, 1985, which, *inter alia,* denied plaintiff-appellant's motion for summary judgment against defendant-respondent cross-appellant in the sum of $150,000 plus interest, unanimously reversed, on the law, to the extent appealed from, and plaintiff-appellant's motion for summary judgment is granted, with costs.

In May 1977, respondent executed the first of nine standard-form guarantees, in favor of appellant, for the debts and obligations of Adam Creations, Inc. (Adam). The guarantees,

each with a successive expiration date and different liability limit, were executed for the purpose of inducing appellant to extend further credit to Adam. The last of these guarantees was executed on October 14, 1981.

Each of these standard-form guarantees states that the guarantor "absolutely and unconditionally guarantees to [the] Bank" payment of "any and every obligation and liability" of the borrower to the bank "of whatsoever nature and howsoever evidenced, whether now existing or hereinafter incurred."

The fourth paragraph of the guarantees states that the guarantor consented that obligations "may, from time to time in whole or in part, be renewed, extended, modified, accelerated, compromised, settled or released by Bank". The ninth paragraph states that "[t]his guarantee shall be a continuing, absolute and unconditional guarantee of payment". Finally, in the tenth paragraph, the guarantee states that "[t]he execution and delivery hereafter to Bank by Guarantor of a new instrument of guarantee shall not terminate, supercede [sic] or cancel this instrument, unless expressly provided therein".

Between May 1977 and April 1982, these guarantees were executed concurrently with the advances of various sums of money by appellant to Adam. Adam, in turn, issued renewal notes which consolidated its debts and extended payment deadlines. On April 8, 1982, appellant advanced $10,000 to Adam which brought Adam's total indebtedness to the bank to $200,000. On June 7, 1982, Adam executed a new promissory note for $200,000 which consolidated its debts.

The corporation failed to make payments on the note. Respondent refused appellant's demand, on July 27, 1982, for payment on the guarantee. This action was brought in September 1982 to recover from respondent $150,000, as the amount guaranteed, plus interest. Appellant moved and respondent cross-moved for summary judgment.

The final guarantee, executed on October 14, 1981, contains a handwritten alteration which changes the expiration date of the instrument from "5/31/82" to "7/31/82". Respondent contends that this alteration was made by appellant to extend the obligation, and that the alteration itself relieved respondent of any liability under the guarantee. In addition, respondent argues that, notwithstanding the alteration, as a gratuitous surety, his liability was limited for a specified time period and amount because the final guarantee expired on May 31, 1982, prior to the execution of the June 7, 1982 promissory note.

Special Term denied both motions for summary judgment, finding triable issues based on the intentions of the parties to the June 7, 1982 promissory note and the alteration of the expiration date of the final guarantee. The court determined that defendant-respondent would not be liable if the parties intended to extinguish Adam's prior debt by executing the June 7, 1982 note but only if the date of the last guarantee was found to expire on July 31, 1982 rather than May 31, 1982.

We disagree and reverse to the extent appealed from.

The language of the guarantees clearly indicates that they are absolute, unconditional and continuing obligations. *(See, e.g., National Bank v Dogwood Constr. Corp.,* 47 AD2d 848, 849.)* As such, Adam's execution of the June 7, 1982 note did not extinguish respondent's liability on the guarantee. Furthermore, regardless of the alteration to the last instrument, each successive guarantee did not "terminate, supercede or cancel" any of the prior guarantees because there was no express provision therein to that effect.

We do not find triable issues of fact regarding the intent of the parties to the guarantees. The language of the guarantees is clear and must prevail. *(See, Chemical Bank v Sepler,* 60 NY2d 289, 291-294, *affg* 92 AD2d 758.) Concur—Kupferman, J. P., Ross, Carro, Kassal and Wallach, JJ.