■ CONGREGATION OHAVEI SHALOM, INC., et al., Respondents, v COMYNS BROTHERS, INC., et al., Defendants, and ANNA T. MCLOUGHLIN, Appellant.—In a mortgage foreclosure action, the defendant Anna T. McLoughlin appeals from a judgment of the Supreme Court, Queens County (LeVine, J.), dated July 9, 1985, which, after a nonjury trial, *inter alia,* directed the foreclosure and sale of her primary residence.

Ordered that the judgment is reversed, on the law and the facts, with costs, and the complaint is dismissed as against the defendant Anna T. McLoughlin.

The defendant Anna T. McLoughlin executed a mortgage on her primary residence as collateral security for a loan granted by the plaintiffs to the defendant Comyns Brothers, Inc. (hereinafter Comyns), of which her son, Kevin McLoughlin, was a principal. The loan was evidenced by a note dated September 19, 1977, between the plaintiffs, as lenders, and Comyns, as borrower, and provided that the principal sum was payable on September 19, 1979, and that monthly interest payments were to be made at a rate of 15% per annum.

Comyns failed to repay the principal balance of the loan on the due date and subsequent negotiations resulted in the execution of an extension agreement between the plaintiffs and Comyns, which extended the time for repayment of the loan until August 19, 1980, and provided for an increase in the interest rate from 15% to 20%. Although the defendant Anna T. McLoughlin was designated as the "party of the Second Part" to the extension agreement and her signature to the agreement was apparently anticipated, she refused a subsequent request to sign the agreement.

Upon Comyns' subsequent default on the obligation as modified by the extension agreement, the plaintiffs commenced this action seeking, *inter alia,* a judgment of foreclosure and sale.

It is well settled that one who mortgages his property to secure the debt of another becomes a surety for the debt by operation of law *(see, Dibble v Richardson,* 171 NY 131; *Champlain Val. Fed. Sav. & Loan Assn. v Ladue,* 35 AD2d 888). A surety's rights are accorded the jealous protection of the law, and any alteration of the contract to which his

guarantee applies, whether material or not, will serve to discharge the surety's obligation (see, Becker v Faber, 280 NY 146; Hall & Co. Continental Cas. Co., 34 AD2d 1028, affd 30 NY2d 517). Thus, "[a]n extension of the time of payment, without the assent of the surety, is such a dealing as operates to discharge the surety, the law presuming injury to the surety from such extension" (Bank of Albion v Burns, 46 NY 170, 175), since a surety cannot be held to a contract he has not made and because the extension of time typically increases the surety's risk (see, Hall & Co. v Continental Cas. Co., supra, at pp 1029-1030).

Our review of the record compels us to conclude that the trial court erroneously determined that the extension agreement was not "a completed agreement or executed, but rather executory" and thus did not operate to discharge Mrs. McLoughlin's obligation. The objective criteria support the conclusion that the plaintiffs and Comyns recognized the validity of the extension agreement despite the absence of Mrs. McLoughlin's signature, and viewed it as binding. Indeed, the plaintiffs acknowledged that immediately subsequent to the execution of the agreement, Comyns tendered, and they accepted, interest payments at the higher 20% rate for approximately two years. Moreover, the plaintiffs refrained from instituting legal proceedings on the mortgage or the note for nearly three years subsequent to the execution of the agreement.

Thus, we conclude that the execution of the extension agreement by the plaintiffs and Comyns, which altered the initial contract and extended the time for the repayment of the loan, without Anna McLoughlin's consent, discharged her from her obligations under the mortgage. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.