(September 12, 1988)

■ BIER PENSION PLAN TRUST, Respondent, v ESTATE OF JOEL SCHNEIERSON, Appellant.—In an action to recover the principal sum of $280,000 on a personal guarantee, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated November 16, 1987, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's cross motion for summary judgment is granted, and the complaint is dismissed.

The defendant, the estate of the deceased guarantor (hereinafter the Estate) was sued upon the personal guarantee of the decedent Joel Schneierson. When the plaintiff moved for summary judgment, the Estate cross-moved for summary judgment, alleging that there was an alteration of the original loan agreement such that the guarantor must be discharged in law. The Supreme Court, Nassau County, denied both motions on the ground that there existed substantial issues of fact. Since pertinent facts were adduced which supported the defense that the terms of the original loan were altered, the Estate's cross motion was improperly denied.

In accepting interest accruing on an extended term and in return, granting the obligor additional time to pay off the original loan and forbearing from taking any action on the default of the loan for over one year, there was valid consideration to support an agreement which altered the terms of the original loan.

Since there was a valid alteration which changed the loan

agreement without the guarantor's consent, by law the guarantor was discharged from his obligations under the guarantee *(Congregation Ohavei Shalom v Comyns Bros.,* 123 AD2d 656), and his Estate is entitled to summary judgment. Mollen, P. J., Kunzeman and Weinstein, JJ., concur.

Mangano, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum: In its cross motion for summary judgment, the defendant, which is the estate of the deceased surety, alleged that the plaintiff creditor and the principal debtor had altered the principal contract by extending the principal debtor's time to pay, and that the deceased surety, and his estate, were thereby discharged. However, it is well settled that there must be a "new and sufficient consideration" to support such an extension agreement "in order for the extension to release or discharge the surety" (63 NY Jur 2d, Guaranty & Suretyship, § 216).

The creditor's acceptance, after maturity of the note, of payments by the principal debtor against accruing interest, as alleged by the defendant, is not sufficient consideration to support an agreement for an extension of time to pay *(Olmstead v Latimer,* 158 NY 313; 63 NY Jur 2d, Guaranty & Suretyship, § 223).

Accordingly, the defendant was not discharged by operation of law, and the order must be affirmed insofar as appealed from.