■ COVE HOLLOW REALTY CORPORATION, Respondent, v 1426 THIRD AVENUE CORPORATION et al., Defendants, and JULIAN

DAVIS, Appellant.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered on or about June 11, 1990, which, *inter alia,* granted plaintiff's motion for summary judgment in lieu of a complaint, pursuant to CPLR 3213, to the extent of awarding judgment in plaintiff's favor against defendant Davis in the sum of $300,000, plus interest, and denying Davis' cross motion for summary judgment, unanimously affirmed, with costs.

Defendant Davis, together with Steven Mann and codefendant Barry Wilke, executed a promissory note in favor of plaintiff in the sum of $300,000 payable on demand, with interest due on the first day of each month at a rate of 12% per annum. It is disputed whether Mann deleted his name from the instrument at the time of execution of the agreement or subsequently, which he, like the individual defendants, signed in a representative capacity on behalf of defendant corporation. Mann, Davis and Wilke guaranteed payment of the note and consented in advance to any and all extensions of time or terms of payment, without notice. When payment of interest was not made when due and demanded, plaintiff moved pursuant to CPLR 3213.

In defense, Davis alleged that subsequent correspondence received by him from defendant Mann, also a principal of plaintiff, altered the terms of the note and effected his discharge from liability. This argument was properly rejected by the IAS court since, by nature of the guarantee, Davis consented to and acquiesced in any alteration of the terms of the instrument. Thus, the defense alleged is insufficient to present a triable issue of fact warranting denial of plaintiff's motion as against Davis. Davis also claims that Mann's obliteration of his name as signatory on behalf of defendant corporation presents a triable issue of fact and effects discharge of his obligation as guarantor. Davis' obligation may only be discharged if there was an alteration of the contract to which his guarantee applied, whether material or not. *(Congregation Ohavei Shalom v Comyns Bros.,* 123 AD2d 656, 657, *appeal withdrawn* 70 NY2d 708.) Deletion of Mann's signature effected no such result, since two signatures were required to bind defendant corporation to plaintiff, under the promissory note, and Davis' and Wilke's signatures remained. Concur—Sullivan, J. P., Ross, Asch, Kassal and Smith, JJ.