CHEMICAL BANK, Appellant, v GERONIMO AUTO PARTS CORP. et al., Respondents. [639 NYS2d 340]

The motion court should have granted summary judgment against defendant Edwardo Castillo, since the defense of fraud in the inducement does not lie with reference to a guaranty which recites that it is absolute and unconditional, valid irrespective of any defense that might be available to the guarantor with respect to it, and that no outside agreements, representations, promises, etc., of any kind exist with regard to

it (*Citibank v Plapinger*, 66 NY2d 90; *BNY Fin. Corp. v Clare*, 172 AD2d 203). The assertion that this matter falls within an exception to this rule, based upon Edwardo's alleged unfamiliarity with the English language and the alleged misrepresentations to him as to the nature of the agreement, is without merit. Other than their own self-serving affidavits, the record indicates that the Castillos possessed business sophistication. Moreover, if their allegations are true, Edwardo's execution of an agreement of this type under such circumstances constitutes gross negligence, since he failed to seek proper assistance in understanding it before signing, and it would be binding against him (*Pimpinello v Swift & Co.*, 253 NY 159, 162-163).

Nor should summary judgment have been denied on the basis that issues of fact exist regarding defendant Edwardo Castillo's alleged termination of his guaranty or regarding the effect of Luis Castillo's 1991 guaranty on Edwardo's guaranty. Termination of a continuing personal guaranty requires compliance with the provisions governing termination expressly set forth in the guaranty and Castillo's clear failure to do so, as indicated in the record, results in the guaranty not being terminated and permits entry of summary judgment (*General Elec. Co. v Kessler*, 131 AD2d 634). Luis' guaranty, which was completely silent as to Edwardo's, did not effect it (*Republic Natl. Bank v Haddad*, 121 AD2d 986; *USI Capital & Leasing v Chertock*, 172 AD2d 235; *Chemical Bank v Wasserman*, 45 AD2d 703, *affd* 37 NY2d 249), and absent some other writing between the parties specifically addressing Edwardo's guaranty, it remains in full force and effect, even surviving payment of the original indebtedness (*USI Capital & Leasing v Chertock, supra*, at 236; *Chemical Bank v Sepler*, 60 NY2d 289, 294).

Finally, the motion court should have granted a default judgment against the corporate defendant Geronimo, where it failed either to serve answering papers or to appear in the action and plaintiff timely requested such relief pursuant to CPLR 3213 and 3215 (a). Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Tom, JJ.