■ TRUSTCO BANK NEW YORK, as Successor in Interest to HOME AND CITY SAVINGS BANK, Respondent, v DAVID N. SAGE et

al., Defendants, and SIDNEY DERMAN, Appellant. [656 NYS2d 542]
—Yesawich Jr., J. Appeal from an order of the Supreme Court
(Cobb, J.), entered February 7, 1996 in Greene County, which,
*inter alia*, granted plaintiff's motion for summary judgment.

In this foreclosure action, plaintiff seeks to recover on a
guaranty signed by defendant Sidney Derman and others, by
the terms of which they jointly and severally guaranteed pay-
ment of a $535,000 loan extended to defendant Highland As-
sociates. The loan was also secured by a mortgage on real prop-
erty, which was subsequently sold to defendants David N. Sage
and Robin Sage for $620,000. At the time of the sale, the Sages
assumed liability for the amount then due on Highland's note
($526,840.33),* and paid Highland the remainder of the
purchase price from the proceeds of an additional loan they
obtained from plaintiff's predecessor. Their obligations with re-
spect to the two loans were consolidated by an agreement that
also changed the terms of repayment in several respects.

The Sages ultimately defaulted in making the payments
called for in the consolidation agreement, prompting plaintiff
to accelerate the amount due, demand full payment thereof,
and, when that was not forthcoming, to commence this foreclo-
sure action. Two of the guarantors moved for summary judg-
ment claiming that their obligations had been discharged as a
result of the modifications that had been made to the underly-
ing contract; their motion was denied. Two others, including
Derman, answered the complaint, asserting the same defense.
Plaintiff then moved for summary judgment of foreclosure, to
strike the two answers served, and for the appointment of a
Referee. Supreme Court granted plaintiff's motion and Der-
man appeals.

We affirm. The guaranty in question, by its terms, does not
purport to relate to a specific loan, but is, rather, a continuing
guaranty of any indebtedness of Highland to plaintiff, "of every
kind and character", whether then existing or later incurred,
to the extent of $535,000. Implicit in such a broad agreement
to guarantee payment of all debts, including those not yet in
existence, is an acknowledgment that the particular terms and
conditions of those obligations are not material, except insofar
as expressly or implicitly set forth in the guaranty itself (*see,
Delaware, Lackawanna & W. R. R. Co. v Burkard*, 114 NY 197,
202-203; *cf.*, 63 NY Jur 2d, Guaranty and Suretyship, § 221, at
303-304).

The rationale for discharging a guarantor when the underly-

---

* Highland remained secondarily liable for this amount pursuant to the
original promissory note.

ing contract is modified—that the alteration essentially substitutes a new obligation for the old, and "the surety cannot be held responsible for the failure of the principal to perform any other obligation" than that originally guaranteed (*Becker v Faber*, 280 NY 146, 149)—suggests that discharge is not warranted where, as here, the guaranty is a continuing one, and the "new obligation" created by the modification, if independently incurred, plainly would have come within the scope of its coverage (*see, Delaware, Lackawanna & W. R. R. Co. v Burkard, supra; Merchants' Natl. Bank v Hall*, 83 NY 339, 344; *Solomon v Waterbury Brass Goods Corp.*, 6 F2d 990, 993). Had Highland's debt not been modified, but replaced by an entirely new contract containing the terms of which Derman now complains, he would clearly be liable therefor in accordance with the unambiguous language of the guaranty (*see, e.g., Chemical Bank v Sepler*, 60 NY2d 289, 294; *Citizens & S. Comm. Corp. v Catapano*, 164 AD2d 812, 814; *Republic Natl. Bank v Haddad*, 121 AD2d 986, 988; *Nanuet Natl. Bank v Rom*, 96 AD2d 898); thus, to accept his contention that he is now discharged, merely because the changes were made by modifying an existing agreement rather than canceling it and replacing it with another, unacceptably elevates form over substance.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.