OPINION OF THE COURT
Per Curiam.
Order dated April 3, 1997 affirmed, with $10 costs.
*954 In this plenary action by a landlord against the three individual guarantors of a closely held corporate tenant’s lease, we affirm Civil Court’s grant of summary judgment dismissing the complaint against the guarantors. The lease renewal executed by landlord and tenant contained a condition not present in the original lease, permitting landlord to terminate the lease without qualification in the event a use violation is placed on the premises. This material change which was made without the consent of the guarantors releases the guarantors from liability under the lease renewal (see, Matter of Union Indem. Ins. Co. [Solco Plumbing Supply], 199 AD2d 209; 801 S. Fulton Ave. Corp. v Radin, 138 AD2d 561). A creditor and a principal debtor may not materially alter the term of a contract for whose performance a surety is bound without obtaining the surety’s consent (Central Fed. Sav. & Loan Assn. v Pergolis, 173 AD2d 587). Furthermore, landlord’s acceptance of the tenant’s option to renew the lease on less than the 90 days’ notice required by paragraph 58 of the original lease constituted a release of the guarantors (Jones & Brindisi v Breslaw, 250 NY 147).
The dissent argues that the guarantors must be deemed to have consented to the lease renewal because the individual guarantors were also principals of the closely held corporate tenant, citing Shire Realty Corp. v Schorr (55 AD2d 356). However, the Shire Realty case is clearly distinguishable because in that case the individuals used the corporation “as their alter ego” and therefore, “the corporation was not an entity distinct from its individual shareholders” (55 AD2d, at 365). In the instant case, no alter ego liability was alleged or proved. The dissent also misplaces reliance on the assumption that the additional lease term did not increase the risk to the guarantors. In this State, “ ‘[a surety’s] obligation is strictissimi juris, and he is discharged by any alteration of the contract, to which his guaranty applied, whether material or not, and the courts will not inquire whether it is or is not to his injury ” (Becker v Faber, 280 NY 146, 149).