■ RICHARD K. GEIGER, Appellant, v ENAP, INC., Respondent, et al., Defendant. [695 NYS2d 577] —In an action, *inter alia,* to declare the parties' rights in certain escrowed funds, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Rockland County (Miller, J.), dated July 15, 1998, as (1) denied that branch of his cross motion which was for summary judgment upon his fifth cause of action insofar as asserted against the defendant ENAP, Inc., (2) granted the motion of the defendant ENAP, Inc., for summary judgment, and (3) upon granting summary judgment, directed the entry of a judgment declaring that ENAP, Inc., was entitled to apply the proceeds realized from the satisfaction of the plaintiff's mortgage interests (which funds had been placed in escrow) to a debt owed to ENAP, Inc., by Geiger Lumber & Supply Co., Inc., under a line of credit agreement, which line of credit had been secured in part by the plaintiff's mortgagee interests.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant ENAP, Inc., for summary judgment is denied, the plaintiff's cross motion for summary judgment is granted, the plaintiff's remaining causes of action are dismissed as academic, and the matter is

remitted to the Supreme Court, Rockland County, for entry of an appropriate judgment declaring that the plaintiff is entitled to the funds in question.

At issue herein is the disposition of certain mortgage proceeds. The plaintiff held certain mortgage interests which, along with other security, had been assigned to the defendant ENAP, Inc. (hereafter ENAP), to stand as security for ENAP's extension of a $500,000 line of credit to the defendant Geiger Lumber & Supply, Inc. (hereafter Geiger Lumber), in which corporation the plaintiff was a 14% shareholder but not an officer or director. By virtue of his mortgage assignments, the plaintiff became a surety by operation of law (*see, Congregation Ohavei Shalom v Comyns Bros.,* 123 AD2d 656).

Some 16 months later, ENAP and Geiger Lumber, in the words of ENAP's controller, "converted" $303,316.92 of Geiger Lumber's credit line debt into a "long-term note payable with interest at the rate of eight percent", which note provided for monthly payments over a period of five years. This was apparently done without the plaintiff's knowledge or consent.

By entering into this agreement, ENAP and Geiger Lumber altered the original underlying debt and thereby effected a discharge of the plaintiff's suretyship (*see, Becker v Faber,* 280 NY 146, 149-150; *see also, Bier Pension Plan Trust v Estate of Schneierson,* 74 NY2d 312, 315; *Congregation Ohavei Shalom v Comyns Bros., supra,* at 656-657). Thus, ENAP has no rightful claim to any of the funds presently held in escrow. These funds are the proceeds from the satisfaction of the plaintiff's mortgage interests following a sale of the underlying mortgaged premises.

The plaintiff is entitled to summary judgment in his favor as well as a declaration that the funds are solely his.

In light of this disposition, the plaintiff's remaining causes of action have all been rendered academic. S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.