■ JEANNIE MACKLER et al., Appellants, v THOMAS BURKE, Respondent. [767 NYS2d 898]—

In an action, inter alia, to recover upon a personal guaranty, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered May 30, 2002, as granted that branch of the defendant's motion for summary judgment which was to dismiss the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 9, 1987, the plaintiff Bernard Mackler, through his employee-defined benefit plan and at the recommendation of the defendant Thomas Burke, invested $75,000 in a bond offering sponsored by the Jim Waters Corp. (hereinafter JWC). In a "Guaranty Note" signed on July 30, 1987, Burke promised to pay Mackler for any loss sustained to the principal of the investment, limited to 50% of the $75,000 and payable over a five-year period. In 1989 Mackler executed a waiver of default in favor of JWC in return for, inter alia, an increased interest rate on his investment. Thereafter, Mackler accepted a a promissory note dated September 1, 1990, from JWC, in which JWC agreed to pay Mackler $75,000 over a 15-month period. As part of the agreement, Mackler executed a general release in favor of JWC "for all rights under an unsecured variable rate note agreement dated June 15, 1987." After JWC filed for reorganization under chapter 11 of the 1978 Bankruptcy Code (11 USC), the plaintiffs commenced this action against Burke, seeking to recover, inter alia, a balance of $49,375 allegedly due on the guaranty note. The defendant successfully moved for summary judgment dismissing, inter alia, the first cause of action regarding the guaranty note. The Supreme Court found that Burke's promise to pay was limited to the original promissory note dated June 15, 1987, so that Mackler's general release of JWC had the effect of releasing Burke as well.

"A guarantor's obligation cannot be altered without its consent; if the original note is modified without its consent, a guarantor is relieved of its obligation" (*White Rose Food v Saleh,* 99 NY2d 589, 591 [2003]; *see Bier Pension Plan Trust v Estate of Schneierson,* 74 NY2d 312, 315 [1989]).

The 1989 waiver of default executed by Mackler amounted to

a modification of the terms of his original agreement with JWC. Further, the record established that Mackler executed the waiver against the express recommendations of the defendant. Consequently, the new agreement relieved the defendant of his obligations under the guaranty (*see White Rose Food v Saleh, supra; Bier Pension Plan Trust v Estate of Schneierson, supra; Geiger v ENAP, Inc.*, 264 AD2d 755, 756 [1999]).

We do not need to reach the issue of the effect of the later substitution in 1990 of a new promissory note for the original variable rate note. Altman, J.P., Smith, Friedmann and Crane, JJ., concur.