■ ARLONA LIMITED PARTNERSHIP, Respondent, v 8TH OF JANUARY CORP. et al., Appellants. [857 NYS2d 207]—

In an action to recover upon a personal guaranty and for damages for breach of a lease, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated May 21, 2007, as denied those branches of their motion which were for summary judgment dismissing the fourth and fifth causes of action asserted against the defendant Catherine Anderson Harmantas.

Ordered that the order is affirmed insofar as appealed from, with costs.

A guaranty must be construed "in the strictest manner"

(*White Rose Food v Saleh,* 99 NY2d 589, 591 [2003]; *see Davimos v Halle,* 35 AD3d 270 [2006]). Thus, an alteration of the contract to which the guaranty applies will serve to discharge the guarantor's obligation unless the guarantor has consented to the alteration (*see White Rose Food v Saleh,* 99 NY2d 589 [2003]; *Davimos v Halle,* 35 AD3d 270 [2006]; *Mackler v Burke,* 2 AD3d 505 [2003]; *Congregation Ohavei Shalom v Comyns Bros.,* 123 AD2d 656 [1986]). The rationale for discharging a guarantor when the underlying contract is modified is that the modification substitutes a new obligation for the old one, and the guarantor cannot be held responsible for the failure of the principal to perform an obligation other than the obligation originally guaranteed (*see Trustco Bank N.Y. v Sage,* 238 AD2d 839 [1997]).

Here, the fourth and fifth causes of action are predicated upon a personal guaranty of a lease by the defendant Catherine Anderson Harmantas, the president and sole shareholder of the corporate defendant. In support of those branches of the defendants' motion which were for summary judgment dismissing the fourth and fifth causes of action asserted against Harmantas, the defendants submitted documentary evidence establishing that the lease between the plaintiff and the corporate defendant was altered by a modification agreement. The modification agreement, which was executed after the plaintiff landlord exercised its right under the lease to relocate the corporate defendant to a different location in its shopping center, altered the corporate defendant's obligation under the lease by raising its rent, thus increasing Harmantas's risk as guarantor (*see Geiger v ENAP, Inc.,* 264 AD2d 755 [1999]; *Congregation Ohavei Shalom v Comyns Bros.,* 123 AD2d 656 [1986]; *Mangold v Keip,* 177 Misc 2d 953 [1998]). However, Harmantas failed to make a prima facie showing, through the submission of evidentiary proof, that she did not consent to the modification of the lease in her individual capacity (*see Mangold v Keip,* 177 Misc 2d 953 [1998]; *cf. Shire Realty Corp. v Schorr,* 55 AD2d 356 [1977]). Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the fourth and fifth causes of action asserted against Harmantas. Lifson, J.P., Florio, Eng and Chambers, JJ., concur.