PRG Assoc. Ltd. Partnership v Planet Organic Holding Corp. (2020 NY Slip Op 06304)





PRG Assoc. Ltd. Partnership v Planet Organic Holding Corp.


2020 NY Slip Op 06304


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-03227
 (Index No. 60469/18)

[*1]PRG Associates Limited Partnership, appellant,
v
Planet Organic Holding Corp., et al., defendants, Harold Hochberger, respondent.


Finger & Finger, White Plains, NY (Carl L. Finger of counsel), for appellant.
Cuddy & Feder, LLP, White Plains, NY (Joshua E. Kimerling and Brendan Goodhouse of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract and to enforce a personal guaranty, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated March 20, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Harold Hochberger which was for summary judgment dismissing so much of the second cause of action as was to recover damages for breach of a lease agreement dated May 8, 2016, insofar as asserted against him, and denied that branch of the plaintiff's cross motion which was for summary judgment on so much of the second cause of action as was to recover damages for breach of the lease agreement dated May 8, 2016, insofar as asserted against the defendant Harold Hochberger.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2004, the defendant Harold Hochberger executed a personal guaranty of a lease extension between the plaintiff, PRG Associates Limited Partnership, as landlord, and the defendant Mrs. Green's of Larchmont, Inc. (hereinafter Mrs. Green's), the predecessor in interest to the defendant Planet Organic Holding Corp. (hereinafter Planet Organic), as tenant (hereinafter the 2004 lease extension). The guaranty contained a provision establishing a condition precedent to extinguish the guaranty, which stated that Hochberger was liable "until the date that there shall have been delivered to Owner a vacate instrument confirming the Premises are vacant, broom clean, free of occupants, and free of Tenant."
When the 2004 lease extension expired, Mrs. Green's and Planet Organic did not vacate and continued to occupy the premises. The plaintiff commenced an action against Mrs. Green's and Planet Organic (hereinafter the prior action) to recover damages for breach of contract. The prior action was settled by a stipulation of settlement in which Mrs. Green's and Planet Organic agreed to entry of a judgment in the amount of $413,800.87 in favor of the plaintiff, with the understanding that the plaintiff would not execute the judgment as long as Planet Organic complied with the terms of a new lease, which was entered into on May 18, 2016 (hereinafter the 2016 lease). The 2016 lease was for a period of seven years and seven months to commence on June 1, 2016, and end on December 30, 2023. Hochberger was not a party to the prior action, the stipulation of [*2]settlement, or the 2016 lease.
The plaintiff alleges that Mrs. Green's and Planet Organic vacated the premises on or about June 1, 2018, and have not paid rent since. On June 2, 2018, the plaintiff commenced this action against Mrs. Green's, Planet Organic, and Hochberger to recover rent arrears and damages and to enforce the guaranty. In the order appealed from, the Supreme Court determined, in relevant part, that there was an issue of fact as to whether Hochberger remained liable to the plaintiff for any amounts owed under the 2004 lease extension, but that Hochberger was not liable to the plaintiff, as a matter of law, under the 2016 lease. Accordingly, the court granted that branch of Hochberger's motion which was for summary judgment dismissing so much of the second cause of action as was to recover damages for breach of the 2016 lease insofar as asserted against him, and denied that branch of the plaintiff's cross motion which was for summary judgment on so much of the second cause of action as was to recover damages for breach of the 2016 lease insofar as asserted against Hochberger. The plaintiff appeals.
"A guaranty is to be interpreted in the strictest manner" (White Rose Food v Saleh, 99 NY2d 589, 591; see Wider Consol., Inc. v Tony Melillo, LLC, 107 AD3d 883, 884; Arlona Ltd. Partnership v 8th of Jan. Corp., 50 AD3d 933, 933). "A guarantor's obligation cannot be altered without its consent; if the original note is modified without its consent, a guarantor is relieved of its obligation" (White Rose Food v Saleh, 99 NY2d at 591). "The rationale for discharging a guarantor when the underlying [contract] is modified is that the modification substitutes a new obligation for the old one, and the guarantor cannot be held responsible for the failure of the principal to perform an obligation other than the obligation originally guaranteed" (Excelsior Capital, LLC v Superior Broadcasting Co., Inc., 82 AD3d 696, 698; see White Rose Food v Saleh, 99 NY2d at 591).
Here, Hochberger established, prima facie, that his obligation under the guaranty did not extend to the 2016 lease, which was entered into after the 2004 lease extension had already expired, contained materially different terms from those of the 2004 lease extension—including increased rent, annual rent increases, and a new lease term of seven years and seven months—all of which would significantly increase his risk as guarantor were he to be held liable with respect to the 2016 lease (see Arlona Ltd. Partnership v 8th of Jan. Corp., 50 AD3d at 934). Hochberger did not consent to the terms of the 2016 lease, nor did Hochberger's guaranty of the 2004 lease extension, by its terms, apply to any modification, renewal, or extension of the lease, or the entirely new lease entered into after the 2004 lease extension had expired in accordance with its terms (see 404 Park Partners, L.P. v Lerner, 75 AD3d 481, 482; Lo-Ho LLC v Batista, 62 AD3d 558). In opposition to Hochberger's prima facie showing, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting that branch of Hochberger's motion which was for summary judgment dismissing so much of the second cause of action as was to recover damages for breach of the 2016 lease insofar as asserted against him, and denying that branch of the plaintiff's cross motion which was for summary judgment on so much of the second cause of action as was to recover damages for breach of the 2016 lease insofar as asserted against Hochberger.
CHAMBERS, J.P., ROMAN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court