12-1738-cv (L)
Am. Honda Fin. Corp. v. Simao

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand thirteen.

PRESENT:  AMALYA L. KEARSE,
          JOHN M. WALKER, JR.,
          DENNY CHIN,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

AMERICAN HONDA FINANCE CORPORATION, a
California Corporation,
                    Plaintiff-Counter-
                    Defendant-Appellee,

                                              12-1738-cv (L)
          -v.-                                12-1745-cv (CON)

PHILIP J. SIMAO, V.M. PAOLOZZI IMPORTS,
INC., a New York Corporation, DBA
DealMaker at Drum Honda, AKA DealMaker
Honda of Watertown, DEALMAKER OF
POTSDAM, LLC, a New York Limited
Liability Company, DBA DealMaker Honda
of Potsdam,

                    Defendants-Counter-
                    Claimants-Appellants,

MARK v. PICARAZZI,
                    Defendant-Counter-
                    Claimant [*]

- - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-COUNTER-        JULIAN B. MODESTI (Teresa M.
DEFENDANT-APPELLEE:          Bennett, on the brief), Menter,
                             Rudin & Trivelpiece, P.C.,
                             Syracuse, New York.

FOR DEFENDANTS-COUNTER-       BRIAN J. BUTLER (Stephen A.
CLAIMANTS-APPELLANTS:        Donato, Stephanie M. Campbell, on
                             the brief), Bond, Schoeneck &
                             King, PLLC, Syracuse, New York.

        Appeal from the United States District Court for the

Northern District of New York (Suddaby, J.).

        **UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED.**

        From April 2007 through April 2008, defendants-

counter-claimants-appellants Philip J. Simao and his two Honda

dealerships, V.M. Paolozzi Imports, Inc. and DealMaker of

Potsdam, LLC (together, the "Dealerships"), entered into

inventory financing agreements with plaintiff-counter-defendant-

appellee American Honda Finance Corporation ("Honda Finance").

Simao personally guaranteed these financing arrangements.  As

early as December 2008, the Dealerships failed to make payments

---

[*]      The Clerk of the Court is directed to amend the caption to
conform to the above.

-2-

in accordance with the agreements and subsequently failed to cure the defaults. Honda Finance sued for breach of contract, and defendants asserted various affirmative defenses and counterclaims for breach of contract and violations of the Automobile Dealers' Day in Court Act ("ADDCA"), 15 U.S.C. § 1221 et seq. On May 13, 2010, an Order of Seizure was returned executed, and Honda Finance gained custody of the Dealerships' remaining cars. Honda Finance moved for summary judgment on December 14, 2010.

By Memorandum Decision and Order entered March 29, 2012, the district court (1) granted summary judgment in favor of Honda Finance, (2) dismissed all counterclaims, and (3) awarded damages in favor of Honda Finance over defendants' objection that further discovery was needed. The district court entered judgment accordingly on March 29, 2012, and this appeal followed.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## A. Denial of Request for Additional Discovery

We review a district court's denial of a request for additional discovery for abuse of discretion. Gualandi v. Adams, 385 F.3d 236, 244-45 (2d Cir. 2004). A party seeking

-3-

additional discovery to oppose summary judgment must submit an affidavit that demonstrates: "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." Meloff v. N.Y. Life Ins. Co., 51 F.3d 372, 375 (2d Cir. 1995) (internal quotation marks omitted); see Fed. R. Civ. P. 56(d). Simao's affidavit, in this respect, consists largely of conclusory allegations that additional discovery was needed. The only detailed allegations are with respect to pre-workout conversations with Honda Finance representatives. Although the parties may have approached the workout with differing assumptions, for the reasons discussed below, those differences are irrelevant. As "the district court has broad discretion to limit discovery in a prudential and proportionate way," EM Ltd. v. Rep. of Argentina, 695 F.3d 201, 207 (2d Cir. 2012), we conclude that it did not abuse its discretion by denying discovery here.

**B.   Summary Judgment**

Turning to the merits, we review de novo a decision granting summary judgment after construing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party. Maraschiello v. City of Buffalo Police Dep't, 709 F.3d

-4-

87, 92 (2d Cir. 2013). After conducting a de novo review, we affirm for substantially the reasons outlined by the district court in its March 29, 2012 Memorandum-Decision and Order granting summary judgment. We add only the following:

First, the parties do not dispute that the Dealerships failed to satisfy their payment obligations under the financing arrangements. Defendants argue in conclusory fashion that they were not in "default," but it is clear that assertion is based on its waiver, estoppel, and oral modification defenses. As the district court held, in light of the unambiguous provisions in the contracts, which defined an event of default to include "Failure of Dealer[ship] to make any payment under this Agreement . . . when due and payable," these defenses fail as a matter of law. While Honda Finance continued to provide credit to the Dealerships in 2009 after having declared them to be in default and then briefly considered Simao's proposal for a workout in early 2010, Honda Finance never called off the defaults it had declared or waived its right to exercise post-default remedies. Furthermore, under the non-waiver clauses of the financing and term loan agreements, any waiver of default by Honda Finance did not also waive future defaults. Since the Dealerships could not satisfy their payment obligations, they were in default as soon as Honda Finance chose to so declare.

-5-

And, in light of the notices of default sent by Honda Finance to defendants reserving all rights related to the Dealerships' defaults, we see nothing approaching a "clear manifestation of an intent" to relinquish its right to declare defaults. Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 585 (2d Cir. 2006) (quotation omitted); see also Bank of Am., N.A. v. William V. Schmidt Co., Inc., No. 10-cv-4926, 2011 WL 1334844, at *7 (S.D.N.Y. Mar. 25, 2011) (rejecting allegation that lender had waived default where it had "consistently asserted its right to the money and repeatedly requested that [borrower] make arrangements to resolve the situation").

Second, once the Dealerships defaulted, Simao became liable by operation of the guaranty agreements, and his affirmative defenses are unavailing. Although we interpret guaranty obligations "in the strictest manner," White Rose Food v. Saleh, 99 N.Y.2d 589, 591 (2003), the court must first determine "the meaning of the contract of guarantee . . . according to the ordinary principles of contract construction," Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc., 188 F.3d 31, 34 (2d Cir. 1999) (quotation omitted). Here, the Continuing Personal Guaranty signed by Simao on behalf of each dealership waived any

-6-

available defenses "expressly, unconditionally and irrevocably" and "until all indebtedness [would be] paid in full". See Merrill Lynch, 188 F.3d at 34-36 (discussing, under New York law, waivers in guaranty agreements). Likewise, Honda Finance never waived its right to enforce the agreement by participating in settlement negotiations. Rather, by the express terms of the guaranties, its rights were preserved even if it declined to promptly exercise them in the hope that it could work things out with the Dealerships.

Third, Simao's argument that he only signed the guaranties in an official capacity has no merit. Although Simao signed certain guaranties as a "member" of the Dealerships, the record also establishes that he signed -- in an individual capacity -- a "Continuing Personal Guaranty" on behalf of each dealership, which guarantied the sums owed to Honda Finance. Thus, the fact that he signed other guaranties in a non-individual capacity is irrelevant; his liability rests on those guaranties that were personal to him. See, e.g., Chem. Bank v. Haseotes, 13 F.3d 569, 573 (2d Cir. 1994) (per curiam) (noting that a creditor may seek summary judgment if, inter alia, it can establish "that the defendant made a guarantee of payment of [a] debt").

Fourth, even if we assume without deciding that Honda Finance was an "automobile manufacturer" under the ADDCA, there has been no showing of bad faith.[1] Honda Finance provided defendants with three notices of default, before making a demand for immediate payment in full. It agreed to discuss a workout, and considered (albeit briefly) a workout proposal, which was ultimately rejected in favor of filing suit. On this record, Honda Finance provided defendants with plenty of notice and opportunity to cure the Dealerships' defaults, and we therefore conclude that a reasonable jury could have only found that Honda Finance did not act in bad faith. Hence, it cannot be liable under the ADDCA. See 15 U.S.C. § 1222.

Finally, defendants contend that the district court's damages award did not properly credit them for certain vehicles allegedly seized by Honda Finance. Counsel conceded during oral argument, however, that defendants neither raised the issue of missing collateral nor objected to the evidence submitted by Honda Finance in support of damages. When a party has failed to preserve an argument in a civil action, we will entertain it only if the alleged error is "fundamental." Shade v. Housing

---

[1] Under the ADDCA, "[a]n automobile dealer may bring suit against any automobile manufacturer . . . by reason of the failure of said automobile manufacturer . . . to act in good faith" with respect to a franchise agreement. 15 U.S.C. § 1222. For the purpose of the statute, an "automobile manufacturer" includes a corporation "which acts for and is under the control of [an automobile manufacturer]." Id. § 1221(a).

<u>Auth. of New Haven</u>, 251 F.3d 307, 312-13 (2d Cir. 2001). "An error is fundamental under this standard only if it is 'so serious and flagrant that it goes to the very integrity of the [proceedings].'" <u>Id.</u> at 313 (quoting <u>Modave v. Long Island Jewish Med. Ctr.</u>, 501 F.2d 1065, 1072 (2d Cir. 1974)). Here, the record was not sufficiently developed to indicate that any difference between the number of vehicles for which a seizure order was sought in February 2010 and the number of vehicles for which defendants were given credit after the vehicles were actually seized in May 2010 was not warranted. Accordingly, we conclude that defendants waived this issue below and that the interests of justice do not warrant our consideration of it now.

We have considered defendants' remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
