OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed with costs. The certified question should not be answered as the Appellate Division order is final and thus the certified question is unnecessary.
 

 On September 30, 1994, JMS Food Corp., owned by appellant’s brother, Samir Saleh, gave a promissory note to respondents whereby JMS agreed to pay an existing debt of $305,430. The note was secured by an interest in various property items of JMS. In their individual capacities, appellant and Samir Saleh both guaranteed the note. In March 1996, JMS defaulted and respondents implemented foreclosure proceed
 
 *591
 
 ings and conducted a public sale of JMS’s chattel. On March 26, 1996, JMS and Samir Saleh, in his individual capacity and as a guarantor, signed a modification agreement which reduced the weekly payments due on the note and granted JMS more time to pay the remaining debt of $140,001. Appellant never signed the modification agreement. Respondents sought summary judgment in lieu of complaint against appellant as a guarantor of the original note. Appellant opposed the motion arguing that his obligations under the guaranty were extinguished because he did not consent to the March 26 modification agreement. Supreme Court granted respondents’ motion and the Appellate Division affirmed with one Justice dissenting.
 

 A guaranty is to be interpreted in the strictest manner (see
 
 Page v Krekey,
 
 137 NY 307, 314 [1893];
 
 see also Wesselman v Engel Co.,
 
 309 NY 27, 30 [1955]). A guarantor’s obligation cannot be altered without its consent; if the original note is modified without its consent, a guarantor is relieved of its obligation (see
 
 Bier Pension Plan Trust v Estate of Schneierson,
 
 74 NY2d 312, 315 [1989]). There is no dispute that the extension of time was a modification. Rather, the only issue is whether appellant consented to the modification and is therefore still bound by his guaranty.
 

 Here, appellant did not give his consent to the March 26 modification agreement merely because the guaranty waived his right to notice of a modification. However, it is clear that appellant provided the necessary consent if the note and guaranty are read as one transaction. The note states that
 

 “[t]he Makers and
 
 Guarantors of this Note
 
 severally waive demand, presentment, notice of protest and notice of non-payment, and
 
 agree and consent that the time for payment may he extended
 
 or said Note renewed from time to time and for any term or terms by agreement between the holder and the Maker without notice, and that after such extension or extensions, renewal or renewals, the liability of all parties shall remain as if no extension or renewal had been made” (emphasis added).
 

 Here, there is no issue of fact as to whether the note and guaranty are one transaction: they are. In arguing before us that there is an issue of fact, appellant ignores his own arguments at Supreme Court and the Appellate Division. After respondents made their prima facie showing of the obligation and default, appellant was required to present defenses establishing that he was not bound by his guaranty (see
 
 *592
 

 Gateway State Bank v Shangri-La Private Club for Women,
 
 113 AD2d 791 [1985],
 
 affd
 
 67 NY2d 627 [1986]). In his opposition papers, however, appellant did not argue that the guaranty and note should not be read as one transaction and failed to raise an issue of fact rebutting respondents’ showing. Furthermore, at the Appellate Division, appellant conceded that the note and guaranty were executed on the same day — a position he disingenuously
 
 tries to
 
 disavow here. Finally, the documents themselves show that the note and guaranty are one transaction.
 
 *
 
 Thus, appellant consented to the extension of time granted by the March 26 modification agreement and is not relieved of his obligations as a guarantor.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt, Graffeo and Read concur in memorandum.
 

 Order affirmed, etc.
 

 *
 

 The guaranty states that “[t]he undersigned * * * guarantee payment of the
 
 within Note”
 
 and that guarantors waive notice of modification of the
 
 “within Note”
 
 (emphasis added). The plain reading of that phrase is that appellant was aware of and agreed to the pertinent provisions of the note
 
 (see Uribe u Merchants Bank of N.Y.,
 
 91 NY2d 336, 341 [1998] [a contract should be enforced according to its terms and is “not to be subverted by straining to find an ambiguity which otherwise might not be thought to exist”] [internal quotation marks omitted]).