■ Solco Plumbing Supply, Inc., Appellant, v Gary Hart, Respondent. [999 NYS2d 126]—

In an action to recover on a personal guaranty, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brown, J.), entered October 3, 2012, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, and denied the plaintiff's cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

In September 1996, the defendant, Gary Hart, who was then the vice president of Gotham Plumbing and Sprinkler Corporation (hereinafter Gotham), and had a financial interest therein, executed a credit application and agreement (hereinafter the credit agreement) on behalf of Gotham on a preprinted form provided to him by the plaintiff, Solco Plumbing Supply, Inc. (hereinafter Solco). Pursuant to the credit agreement, Solco agreed to sell and deliver goods to Gotham on credit. The form recited, in pertinent part:

"PERSONAL GUARANTEE OF PAYMENT AND AGREEMENT . . .

"the undersigned, *being financially interested in the above customer,* hereby, jointly and severally, unconditionally, guarantee payment when due of all indebtedness of the above customer including any amount currently due to [the plaintiff] as such indebtedness may exist from time to time together with interest and/or finance charges" (emphasis added).

The guaranty contained no provision requiring the defendant to notify Solco in the event that his financial interest in Gotham was terminated.

In December 2005, the defendant sold his interest in Gotham. Thereafter, between August 18, 2009, and September 10, 2010, Solco sold plumbing materials and accessories to Gotham with an alleged value, including sales taxes where applicable, in the sum of $188,348.55. In April 2012, Solco commenced the instant action against the defendant to recover $188,348.55, plus interest, costs, and an attorney's fee.

The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) on the ground that, at the time the debt was incurred, he no longer had a financial interest in Gotham. In opposition, Solco argued that the phrase "being financially interested," as set forth in the credit agreement, was merely descriptive language meant to identify the guarantor's relationship with Gotham as of the date that the agreement was executed, and was not meant in any way to limit the liability of

that guarantor in the event that he or she no longer had a financial interest in Gotham, Solco's customer.

In the order appealed from, the Supreme Court granted the defendant's motion on the ground that the documentary evidence that he submitted clearly established that, after December 21, 2005, he no longer had an interest in Gotham and that, as such, he could not be held personally liable in connection with the guaranty. With respect to Solco's contention that the phrase "being financially interested" in Gotham, as set forth in the credit agreement, was merely descriptive, the Supreme Court rejected that contention, noting that "[a] guaranty is to be interpreted in the strictest manner" (*White Rose Food v Saleh*, 99 NY2d 589, 591 [2003]). The plaintiff appeals, and we affirm.

The terms of a guaranty are to be strictly construed (*see id.* at 591), and a guarantor should not be found liable beyond the express terms of the guaranty (*see Lo-Ho LLC v Batista*, 62 AD3d 558, 559 [2009]; *665-75 Eleventh Ave. Realty Corp. v Schlanger*, 265 AD2d 270, 271 [1999]). Moreover, since the language in question was part of a form contract prepared by Solco, any alleged ambiguity should be interpreted against Solco (*see Maines Paper & Food Serv., Inc. v Boulevard Burgers Corp.*, 52 AD3d 1150, 1152 [2008]; *International Mar. Invs. & Mgt. Corp. v Wirth*, 245 AD2d 544 [1997]). Further, in determining the meaning of contractual language, "a court should not read a contract so as to render any term, phrase, or provision meaningless or superfluous" (*Givati v Air Techniques, Inc.*, 104 AD3d 644, 645 [2013]), but should give effect to all of the contract's provisions (*see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]).

Since the credit agreement already required the defendant to provide his name, address, social security number, and position with Gotham, the need for any additional descriptive language would have been superfluous, and we reject Solco's contrary suggestion that the language was included solely to further identify or describe the defendant. Thus, the terms of the guaranty in dispute here, when construed strictly and interpreted in the light most favorable to the defendant, conditioned the liability of a signatory under the guaranty upon the signatory's being "financially interested" in Gotham at the time that any purported liability under the guaranty arose. The documentary evidence submitted by the defendant established that he sold his interest in Gotham in December 2005. Accordingly, at the time that Gotham purchased the goods at issue on credit from Solco, the defendant no longer had a financial interest in Gotham and, thus, could not be held personally liable for

Gotham's debt to Solco under the terms of the guaranty. Since the authenticity of the defendant's documentary evidence that he no longer had an interest in Gotham at the time the debt was incurred is undisputed, the defendant's motion to dismiss the complaint was properly granted.

Solco's remaining contentions are without merit. The defendant's remaining contentions need not be addressed in light of our determination. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.