■ PC 444, LLC, et al., Appellants, v Priority Pediatrics, PLLC, et al., Respondents. [21 NYS3d 76]—

In an action to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered September 26, 2013, as denied that branch of their motion which was for summary judgment, in effect, holding the defendant Robert Van Amerongen personally liable as a guarantor of the obligations of the defendant Priority Pediatrics, PLLC, under a judgment of the same court dated March 22, 2013.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action to recover damages for breach of contract after the defendant Priority Pediatrics, PLLC (hereinafter Priority Pediatrics), defaulted on its obligations under a lease. After the action was commenced, the plaintiffs and Priority Pediatrics entered into an agreement in which Priority Pediatrics, inter alia, conceded that it had "failed to pay installments of rent and other payments due under the Lease when due in the amount of $228,340.36 through January, 2013 and continuing." The principal of Priority Pediatrics, the defendant Robert Van Amerongen, signed the agreement both as Priority Pediatrics' representative, and personally as guarantor of Priority Pediatrics' obligations under the agreement. The parties' attorneys subsequently executed a stipulation which incorporated the agreement by reference, and awarded the plaintiffs a judgment against Priority Pediatrics in the principal sum of $228,340.36. There was no mention of Van Amerongen in the stipulation, or in the judgment which was entered on the stipulation. The plaintiffs later moved for summary judgment, inter alia, in effect, holding Van Amerongen personally liable as a guarantor of the obligations of Priority Pediatrics under the judgment. The Supreme Court denied that branch of the motion, and the plaintiffs appeal.

A guaranty must be construed "in the strictest manner" (*White Rose Food v Saleh*, 99 NY2d 589, 591 [2003]; *see Wider Consol., Inc. v Tony Melillo, LLC*, 107 AD3d 883, 884 [2013]), "and a guarantor should not be found liable beyond the express terms of the guaranty" (*Solco Plumbing Supply, Inc. v Hart*, 123 AD3d 798, 800 [2014]; *see G3-Purves St., LLC v Thomson Purves, LLC*, 101 AD3d 37, 40 [2012]). Here, construing the terms of the agreement strictly, alone and in conjunction with the subsequent stipulation, it cannot be said as a matter of law that the agreement was intended to hold Van Amerongen personally liable as a guarantor of the obligations of Priority Pediatrics under the judgment. Accordingly, the plaintiffs failed to meet their prima facie burden in support of that branch of their motion which was for summary judgment, in effect, holding Van Amerongen personally liable as a guarantor of the obligations of Priority Pediatrics under the judgment (*see White Rose Food v Saleh*, 99 NY2d at 591; *Wider Consol., Inc. v Tony Melillo, LLC*, 107 AD3d at 884).

In light of the plaintiffs' failure to meet their prima facie burden, it is unnecessary to review the sufficiency of the defendants' opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied that branch

of the plaintiffs' motion which was for summary judgment, in effect, holding Van Amerongen personally liable as a guarantor of the obligations of Priority Pediatrics under the judgment. Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.