2402 E. 69th St., LLC v Corbel Installations, Inc. (2020 NY Slip Op 02996)





2402 E. 69th St., LLC v Corbel Installations, Inc.


2020 NY Slip Op 02996


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-07660 
2018-00444
 (Index No. 505523/14)

[*1]2402 East 69th Street, LLC, respondent,
v
Corbel Installations, Inc., et al., appellants, et al., defendant (and a third party action).


Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Larry Lum of counsel), for appellants Robert Cipolla and Paul Mucci.
Peter J. Pruzan, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a commercial lease and to recover on a guaranty, the defendants Corbel Installations, Inc., Robert Cipolla, and Paul Mucci appeal from (1) an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated June 22, 2017, and (2) an order of the same court dated November 29, 2017. The order dated June 22, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the causes of action asserted against the defendants Robert Cipolla and Paul Mucci to recover on the guaranty. The order dated November 29, 2017, denied the motion of the defendants Corbel Installations, Inc., Robert Cipolla, and Paul Mucci for leave to reargue their opposition to the plaintiff's prior motion for summary judgment.
ORDERED that the appeal by the defendant Corbel Installations, Inc., from the order dated June 22, 2017, is dismissed; and it is further,
ORDERED that the order dated June 22, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that the appeal from the order dated November 29, 2017, is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Although the notice of appeal from the order dated June 22, 2017, indicates that the appeal is taken on behalf of the defendants Corbel Installations, Inc. (hereinafter Corbel), Robert Cipolla, and Paul Mucci, the brief submitted on these appeals expressly states that it is submitted on behalf of Cipolla and Mucci, and no arguments are raised therein concerning Corbel in relation to the order dated June 22, 2017. Therefore, the appeal by Corbel from the order dated June 22, 2017, must be dismissed as abandoned (see American Ins. Co. v Schnall, 134 AD3d 746, 747), and, in any event, because Corbel is not aggrieved by the portions of the order dated June 22, 2017, appealed from (see CPLR 5511).
The appeal from the order dated November 29, 2017, which denied a motion by Corbel, Cipolla, and Mucci for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Burlington Ins. Co. v Pinnacle Demolition & Envtl. Servs. Corp., 176 AD3d 1026, 1026; Gentry v Mean, 166 AD3d 583, 583).
The plaintiff is the owner of certain commercial property located at 2402 East 69th Street in Brooklyn. The defendant Corbel entered into a three-year commercial lease of the premises beginning on October 1, 2012. The plaintiff commenced this action in June 2014, alleging that Corbel had defaulted in its obligation to make payments on the lease agreement. The plaintiff sought, inter alia, to enforce a guaranty by the defendants Cipolla and Mucci.
After issue was joined, the plaintiff moved for summary judgment, inter alia, on the causes of action asserted against Cipolla and Mucci to recover on the guaranty. In support of the motion, the plaintiff submitted a copy of the subject lease agreement, dated October 1, 2012, which identifies the owner of the premises as "7001 East 71st Street LLC" and the address of the premises as "2402 East 64th Street" (emphasis added). The subject lease agreement was signed by a representative of "7001 East 71st Street LLC" and by Cipolla for Corbel. The plaintiff also submitted an email to Cipolla, dated September 29, 2012, indicating that, once the email was signed, it would be deemed "an amendment to the Lease." The email states that the address of the premises in the lease agreement is changed to "2402 East 69th Street" (emphasis added), and that the name of the owner is changed to "2402 East 69th Street LLC." The email is signed by Cipolla as Vice-President of Corbel and by a representative of the plaintiff. The plaintiff also submitted a guaranty signed by, among others, Cipolla and Mucci, dated October 1, 2012, which provided that the undersigned would become guarantors of the prompt and faithful payment and performance of Corbel under the lease, and that no modifications or amendments to the lease would relieve the guarantors' obligations. Corbel, Cipolla, and Mucci opposed the motion. The Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the causes of action asserted against Cipolla and Mucci to recover on the guaranty.
"A guaranty is a promise to fulfill the obligations of another party, and is subject to the ordinary principles of contract construction" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [internal quotation marks omitted]; see Encore Nursing Ctr. Partners Ltd. Partnership-85 v Schwartzberg, 172 AD3d 1166, 1167). "A guaranty is to be interpreted in the strictest manner" (White Rose Food v Saleh, 99 NY2d 589, 591; see Wider Consol., Inc. v Tony Melillo, LLC, 107 AD3d 883, 884; Arlona Ltd. Partnership v 8th of Jan. Corp., 50 AD3d 933, 933). A guarantor should not be bound beyond the express terms of the written guaranty (see Solco Plumbing Supply, Inc. v Hart, 123 AD3d 798, 800; Wider Consol., Inc. v Tony Melillo, LLC, 107 AD3d at 884; Walker v Roth, 90 AD2d 847, 847). "On a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty" (H.L. Realty, LLC v Edwards, 131 AD3d 573, 574 [internal quotation marks omitted]; see Encore Nursing Ctr. Partners Ltd. Partnership-85 v Schwartzberg, 172 AD3d at 1168).
Here, the plaintiff established, prima facie, that Cipolla and Mucci were liable under the guaranty for Corbel's breach of the lease (see H.L. Realty, LLC v Edwards, 131 AD3d at 574; 250 W. 78 LLC v Pildes of 83rd St., Inc., 129 AD3d 405, 406-407; Boulevard Mall v Knight, 300 AD2d 1017, 1019; White Rose Food v Saleh, 292 AD2d 377, 378, affd 99 NY2d 589). The guaranty provided, inter alia, that no amendments of the lease would relieve the guarantors or the guarantors' obligations, and that notice to or consent by the guarantors was not required for amendments respecting the lease. Contrary to the contentions of Cipolla and Mucci, the October 2012 email provided by its own terms that it was to be deemed an amendment to the lease. "A guarantor is not relieved of his [or her] obligations where, as here, the written guarant[y] allows for changes in the terms of the guarant[y] and expressly waives notice to the guarantor of these changes" (White Rose Food v Saleh, 292 AD2d at 378). Moreover, the email amendment to the lease did not change the risk Cipolla and Mucci assumed in guaranteeing the lease, as there was no ambiguity as to whose obligation was being guaranteed (cf. Wider Consol., Inc. v Tony Melillo, LLC, 107 AD3d at 884-885), and there was no change to the financial terms of the lease (cf. 404 Park Partners, L.P. [*2]v Lerner, 75 AD3d 481, 482; Arlona Ltd. Partnership v 8th of Jan. Corp., 50 AD3d 933, 934). In opposition, Cipolla and Mucci failed to raise a triable issue of fact (see H.L. Realty, LLC v Edwards, 131 AD3d at 574).
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court