Seabring, LLC v Elegance Rest. Furniture Corp. (2020 NY Slip Op 06306)





Seabring, LLC v Elegance Rest. Furniture Corp.


2020 NY Slip Op 06306


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2017-11529
 (Index No. 16445/13)

[*1]Seabring, LLC, respondent, 
v
Elegance Restaurant Furniture Corp., et al., appellants. Vincent S. Wong, New York, NY (Michael Brand of counsel), for appellants.


Meyers Tersigni Feldman & Gray LLP, New York, NY (Anthony L. Tersigni of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the defendants appeal from a judgment of the Supreme Court, Kings County (Larry D. Martin, J.), dated September 5, 2017. The judgment, insofar as appealed from, upon a decision of the same court also dated September 5, 2017, made after a nonjury trial, is in favor of the plaintiff and against the defendant Elegance Restaurant Furniture Corp. in the principal sum of $47,962.34, together with fees, costs, and disbursements in the sum of $11,031.50, and is in favor of the plaintiff and against the defendants Mei Nian Yuan, also known as May Yuan, and Chi Lun Tse in the principal sum of $158,511.63, together with fees, costs, and disbursements in the sum of $11,031.50.
ORDERED that the judgment is modified, on the facts, (1) by deleting the second and fourth decretal paragraphs thereof, and (2) by adding to the first decretal paragraph thereof, after the words "ADJUDGED that the Plaintiff, Seabring LLC recover of defendant Elegance Furniture Corp. with offices at 228 40th Street, Brooklyn, New York 11232," the words "and the defendant Mei Nian Yuan, a/k/a May Yuan, residing at 2368 64th Street, Brooklyn, New York 11204"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendants.
In December 2007, the defendant Elegance Restaurant Furniture Corp. (hereinafter Elegance) executed a five-year triple-net lease with the plaintiff landlord to rent certain premises located in Brooklyn. In connection with the lease, the defendant Mei Nian Yuan, also known as May Yuan (hereinafter Yuan), executed a limited personal guaranty in favor of the plaintiff, by which Yuan guaranteed the payment of "all rent and additional rents" accrued under the lease until, among other things, Elegance vacated and surrendered the leased premises. In November 2011, Elegance entered into an agreement with the plaintiff, whereby Elegance agreed to make certain outstanding payments due under the lease. That agreement was executed by Yuan as guarantor and by the defendant Chi Lun Tse (hereinafter Tse) "as an additional personal Guarantor" of the lease.
In September 2013, the plaintiff commenced this action to recover damages for breach of the lease and to recover on personal guaranties. The plaintiff alleged that Elegance failed to pay rent and other expenses due under the lease starting in November 2012, and that following the expiration of the lease in December 2012, Elegance continued to occupy the leased premises until April 15, 2013. The plaintiff sought to recover, among other things, unpaid rent and other expenses [*2]for November and December 2012, monthly holdover rent for January 2013 to April 2013, and additional rent from April 2013 until the commencement of a new tenancy for the premises on August 1, 2013.
The Supreme Court referred the matter to a Court Attorney Referee (hereinafter the Referee) to hear and determine with respect to the issue of Elegance's obligation to pay rent in light of damage caused to the leased premises by Hurricane Sandy. The Referee determined, after a hearing, inter alia, that Elegance was entitled to a rent abatement for November and December 2012 due to the damage caused by Hurricane Sandy. However, the Referee determined that the defendants were liable to the plaintiff "for use and occupancy, which is the fair market rental value of the premises," for continued occupancy of the subject premises after the lease expired from January 1, 2013, through April 15, 2013.
The action proceeded to a nonjury trial on the issue of damages. Following the trial, the Supreme Court determined, inter alia, that the lease obligated Elegance to pay "holdover rent" equal to 150% of the last monthly base rent and other expenses for the period from January 1, 2013, through April 15, 2013, in the total sum of $78,562.34, less the sum of $30,600 for a security deposit, amounting to the sum of $47,962.34. The court further determined that Yuan and Tse also were obligated to pay the sum of $78,562.34, in addition to the sum of $60,189.19 for "holdover rent" and other expenses for the period from April 16, 2013, through July 31, 2013, amounting to the total sum of $158,511.63. Thereupon, the court issued a judgment dated September 5, 2017, which, among other things, is in favor of the plaintiff and against Elegance in the principal sum of $47,962.34, together with fees, costs, and disbursements in the sum of $11,031.50, and is in favor of the plaintiff and against Yuan and Tse in the principal sum of $158,511.63, together with fees, costs, and disbursements in the sum of $11,031.50. The defendants appeal.
Where, as here, a referee was appointed to hear and determine, the referee possesses "all the powers of a court in performing a like function" (CPLR 4301), and the referee's decision "shall stand as the decision of a court" (CPLR 4319; see MMAL Corp. v Edrich, 156 AD3d 780, 780). Here, the Referee determined that the plaintiff was entitled to recover damages for "use and occupancy" for the period from January 1, 2013, through April 15, 2013, based on "the fair market rental value of the premises," and the defendants argue that this determination constituted the law of the case. However, this Court is not bound by the doctrine of law of the case (see Lee v Allen, 165 AD3d 907, 908).
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and the Appellate Division may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (Moshell v Alter, 186 AD3d 702, 703 [internal quotation marks omitted]).
Here, we agree with the Supreme Court's determination that the lease entitled the plaintiff to recover "holdover rent" equal to 150% of the last monthly base rent for the period from January 1, 2013, to April 15, 2013 (see White Plains Plaza Realty, LLC v Town Sports Intl., LLC, 79 AD3d 1025, 1027).
Furthermore, we agree with the Supreme Court's determination that Yuan was personally liable for "holdover rent" and other expenses from January 1, 2013, through April 15, 2013, since the limited personal guaranty provided that the guaranty would remain in effect after the expiration of the lease if, among other things, Elegance remained in possession of the leased premises (see Stephen LLC v Zazula, 171 AD3d 488).
However, we disagree with the Supreme Court's determination that Tse was also liable as a personal guarantor on the lease. "A guaranty is a promise to fulfill the obligations of another party, and is subject to the ordinary principles of contract construction" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [internal quotation marks omitted]). "A guarantor should not be bound beyond the express terms of the written guaranty" (2402 E. 69th St., LLC v Corbel Installations, Inc., 183 AD3d 859, [*3]861; see Solco Plumbing Supply, Inc. v Hart, 123 AD3d 798, 800). Thus, "[t]he plaintiff had the burden of proving the existence, terms, and validity of the guaranty," and "[a]bsent evidence of the complete terms of the guaranty," the plaintiff cannot satisfy its burden (76-82 St. Marks, LLC v Gluck, 147 AD3d 1011, 1013). Here, the plaintiff failed to establish that the November 2011 agreement was intended to hold Tse personally liable as an additional guarantor of the lease, since that agreement did not set forth any terms of the alleged guaranty (see PC 444, LLC v Priority Pediatrics, PLLC, 133 AD3d 645, 646). Moreover, the November 2011 agreement was devoid of any reference to the alleged additional guarantor, except for the signature line. Consequently, the Supreme Court should not have determined that Tse was personally liable for "holdover rent" and other expenses due under the lease.
Furthermore, we disagree with the Supreme Court's determination that the plaintiff was entitled to recover "holdover rent" and other expenses for the period from April 16, 2013, through July 31, 2013, during which Elegance was not in possession of the leased premises. At trial, the plaintiff failed to establish the loss of a prospective tenant as a result of the holdover, as required to trigger its entitlement to consequential damages under the express terms of the lease (see 1009 Second Ave. Assoc. v New York City Off-Track Betting Corp., 248 AD2d 106, 108). Consequently, the court should not have determined that Yuan was liable to the plaintiff for the sum of $60,189.19 for "holdover rent" and other expenses for the period from April 16, 2013, through July 31, 2013.
Lastly, we disagree with the Supreme Court's determination that Yuan was obligated to pay the sum of $78,562.34 for "holdover rent and additional expenses" for the period from January 1, 2013, through April 15, 2013. The security deposit in the sum of $30,600 was applied against the sum of $78,562.34 due under the lease for that period, thereby reducing the outstanding amount owed under the lease to the sum of $47,962.34. While the limited personal guaranty provided that "any security deposit under the Lease shall not be computed as a deduction from any amount payable by Guarantor(s)" (emphasis added), it cannot be said that the reduction of Yuan's obligations by the sum of $30,600 to reflect the total remaining amount of $47,962.34 payable under the lease and the guaranty would constitute a "deduction from [the] amount payable by [Yuan]" as prohibited by the guaranty.
The parties' remaining contentions are without merit.
Accordingly, we modify the judgment to award the plaintiff the principal sum of $47,962.34, together with fees, costs, and disbursements in the sum of $11,031.50, against Elegance and Yuan.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court