20 Rewe St., Ltd. v Zheng (2024 NY Slip Op 03024)

20 Rewe St., Ltd. v Zheng

2024 NY Slip Op 03024

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-04441
 (Index No. 505164/18)

[*1]20 Rewe Street, Ltd., respondent 
v
Matthew Zheng, etc., appellant.

Victor Tsai, Brooklyn, NY, for appellant.
Wenig Saltiel LLP, New York, NY (Howard S. Bonfield of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on a personal guaranty, the defendant appeals from a judgment of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated May 10, 2022. The judgment, upon an order of the same court dated February 16, 2022, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the first cause of action, is in favor of the plaintiff and against the defendant in the total sum of $327,478.89.
ORDERED that the judgment is affirmed, with costs.
In 2013, the plaintiff, 20 Rewe Street, Ltd., as landlord, entered into a commercial lease with nonparty Sunco Building Supply Inc. (hereinafer Sunco), as tenant, for certain commercial property located in Brooklyn. The lease provided that, in the event Sunco remained in possession of the demised premises "after the termination or expiration of this Lease, Tenant, at the option of Owner, shall be deemed to be occupying the Demised Premises as a tenant from month-to-month at a monthly rental equal to three (3) times the Base Rent and Additional Rent payable during the last month of the term of this Lease." The defendant, Matthew Zheng, executed the lease in his capacity as president of Sunco, and signed a personal guaranty of Sunco's payment and performance obligations under the lease.
In March 2018, the plaintiff commenced this action against the defendant, inter alia, to recover on the personal guaranty, alleging, among other things, that Sunco defaulted under the terms of the lease by failing to pay certain amounts due thereunder. The plaintiff moved, inter alia, for summary judgment on the complaint, and the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action, which sought to recover amounts due under the lease for Sunco's holdover of the lease term. The court subsequently entered a judgment in favor of the plaintiff and against the defendant in the total sum of $327,478.89. The defendant appeals from the judgment.
"A guaranty is a promise to fulfill the obligations of another party, and is subject to the ordinary principles of contract construction" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [internal quotation marks omitted]; see 2402 E. 69th St., LLC v Corbel Installations, Inc, 183 AD3d 859; Encore Nursing Ctr. Partners Ltd. Partnership-85 v Schwartzberg, 172 AD3d 1166, 1167). "On a motion for summary [*2]judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty" (H.L. Realty, LLC v Edwards, 131 AD3d 573, 574 [internal quotation marks omitted]; see Ashley Young, LLC v Metro Light. Group, Inc., 219 AD3d 677, 678).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on the first cause of action by demonstrating that defendant unconditionally guaranteed the payment of Sunco's obligations under the lease, that Sunco defaulted on its obligations under the lease by failing to remit amounts due thereunder for the period of Sunco's holdover, and that the defendant defaulted on his obligations under the guaranty (see Ashley Young, LLC v Metro Light. Group, Inc., 219 AD3d at 678; PRG Assoc. Ltd. Partnership v Planet Organic Holding Corp., 205 AD3d 1058; 2402 E. 69th St., LLC v Corbel Installations, Inc, 183 AD3d 859). In opposition, the defendant failed to raise a triable issue of fact (see H.L. Realty, LLC v Edwards, 131 AD3d at 574).
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court