Wells Fargo Bank, N.A. v Kaur (2024 NY Slip Op 04280)

Wells Fargo Bank, N.A. v Kaur

2024 NY Slip Op 04280

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2020-02778
2020-02779
2020-02781
2020-02782
 (Index No. 607626/18)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Prabhrita Kaur, et al., appellants, et al., defendant.

Ronald D. Weiss, P.C., Melville, NY, for appellant Prabhrita Kaur.
LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Prabhrita Kaur and Amrit Singh appeal from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated June 24, 2019, (2) an order of the same court dated November 4, 2019, (3) an order of the same court dated December 20, 2019, and (4) an order and judgment of foreclosure and sale (one paper) of the same court entered December 31, 2019. The order dated June 24, 2019, insofar as appealed from, granted those branches of the plaintiff's unopposed motion which were for leave to enter a default judgment against the defendant Prabhrita Kaur and for an order of reference. The order dated November 4, 2019, directed the plaintiff to serve and file certain business records and adjourned the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and the cross-motion of the defendants Prabhrita Kaur and Amrit Singh, inter alia, pursuant to CPLR 5015(a) to vacate the order dated June 24, 2019. The order dated December 20, 2019, insofar as appealed from, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denied that branch of the cross-motion of the defendants Prabhrita Kaur and Amrit Singh which was pursuant to CPLR 5015(a) to vacate the order dated June 24, 2019. The order and judgment of foreclosure and sale, upon the orders, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the appeal by the defendant Amrit Singh from the order and judgment of foreclosure and sale is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed on the appeal by the defendant Prabhrita A. Kaur; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In July 2006, the defendants Prabhrita Kaur and Amrit Singh (hereinafter together the [*2]defendants) executed a note secured by a mortgage on real property located in Dix Hills. In September 2009, the defendants entered into a consolidation and modification agreement that created a single lien on the property in the sum of $495,955.25. In April 2018, the plaintiff commenced this action to foreclose the consolidated mortgage against the defendants, among others. The defendants failed to appear in the action or answer the complaint. The plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. In an order dated June 24, 2019, the Supreme Court granted the plaintiff's unopposed motion and referred the matter to a referee to compute the amount due to the plaintiff.
In July 2019, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved, inter alia, pursuant to CPLR 5015(a) to vacate the order dated June 24, 2019. In support, the defendants argued, in sum, that Kaur did not answer the complaint because she believed that the matter could be resolved at a settlement conference mandated by CPLR 3408, but she was not served with notice of a mandatory settlement conference. In an order dated November 4, 2019, the Supreme Court directed the plaintiff to serve and file certain business records and adjourned the plaintiff's motion and the defendants' cross-motion. In an order dated December 20, 2019, the court, among other things, granted the plaintiff's motion and denied that branch of the defendants' cross-motion which was pursuant to CPLR 5015(a) to vacate the order dated June 24, 2019. In an order and judgment of foreclosure and sale entered December 31, 2019, the court granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the property. The defendants appeal.
The appeal from the order dated June 24, 2019, must be dismissed because no appeal lies from an order entered upon the default of the appealing party (see id. § 5511). The appeal from the order dated November 4, 2019, must be dismissed because that order is not appealable as of right, and leave to appeal has not been granted (see id. § 5701[a][2]). The appeal from the order dated December 20, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). In addition, although the notice of appeal indicates that the instant appeals are taken on behalf of the defendants, the brief submitted on these appeals raises no argument therein on behalf of Singh and requests relief only with respect to Kaur. Therefore, the appeals by Singh must be dismissed as abandoned (see 2402 E. 69th St., LLC v Corbel Installations, Inc., 183 AD3d 859, 860). The issues raised by Kaur on the appeal from the order dated December 20, 2019, are brought up for review and have been considered on the appeal by Kaur from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
The Supreme Court properly denied that branch of the defendants' cross-motion which was pursuant to CPLR 5015(a) to vacate the order dated June 24, 2019. Kaur's contentions regarding the court's lack of personal jurisdiction over her, including that she was not properly served with the summons and complaint and that the court should have directed a hearing to determine the validity of service of process on her, raised for the first time on appeal, are not properly before this Court (see Bank of N.Y. Mellon v Daniels, 180 AD3d 738, 739). Contrary to Kaur's further contention, given her failure to raise an objection to personal jurisdiction in the Supreme Court, the court properly reviewed the excusable nature of her default under CPLR 5015(a)(1) (see U.S. Bank N.A. v Rauff, 205 AD3d 963, 965).
Kaur's remaining contention, regarding the failure to conduct a settlement conference pursuant to CPLR 3408, is without merit (see Marcon Affiliates, Inc. v Ventra, 112 AD3d 1095, 1096).
DUFFY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court