23-1312-cv
*Red Apple 86 Fleet Place Dev., LLC v. State Farm Fire & Cas. Co.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of November, two thousand twenty-four.

PRESENT:
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

RED APPLE 86 FLEET PLACE DEVELOPMENT, LLC,

> *Plaintiff-Appellant,*

> v.                                                        23-1312-cv

STATE FARM FIRE AND CASUALTY
COMPANY, ALE SOLUTIONS, INC.,

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:         KEVIN J. NASH, Goldberg Weprin Finkel Goldstein LLP, New York, New York.

FOR DEFENDANTS-APPELLEES:         EVAN H. KRINICK (Cheryl F. Korman, Michael A. Troisi, Merril S. Biscone, *on the brief*), Rivkin Radler LLP, Uniondale, New York, *for* State Farm Fire and Casualty Company.

ELIZABETH USINGER (Jocelyn Lupetin, *on the brief*), Cullen and Dykman LLP, Uniondale, New York, *for* ALE Solutions, Inc.

Appeal from the judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on August 31, 2023, is **AFFIRMED**.

Plaintiff-Appellant Red Apple 86 Fleet Place Development, LLC ("Red Apple") appeals from the district court's grant of summary judgment, pursuant to Federal Rule of Civil Procedure 56, in favor of Defendant-Appellee State Farm Fire and Casualty Company ("State Farm") on Red Apple's claim for breach of contract, as well as the denial of its motion for leave to amend its complaint, pursuant to Federal Rule of Civil Procedure 15, to re-plead its fraud and fraudulent inducement claims against both State Farm and Defendant-Appellee ALE Solutions, Inc. ("ALE Solutions"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

Red Apple's claims arise principally from a dispute over the scope of a guaranty agreement between State Farm and Red Apple that obligated State Farm to pay the rent for three residential apartment leases entered into by Red Apple and a State Farm policyholder and her family (the "Tenants"). Specifically, when the Tenants were forced to vacate their residence after it was rendered uninhabitable due to damage from construction occurring in an adjoining lot, State Farm and its agent, ALE Solutions, assisted the Tenants in finding temporary housing, and eventually secured leases for them for three apartments in a building owned by Red Apple. In connection

2

with these leases, State Farm entered into an agreement with Red Apple (the "Guaranty") pursuant to which it made a "commitment to pay for a lease term of six (6) months, with a month to month option thereafter . . . in accordance with the terms of the applicable leases pertaining to the three (3) [apartment] units."[1]  State Farm paid the rent on behalf of the Tenants for the three apartments from November 2018, when the leases began, until November 2020, when the leases were terminated.  Despite the termination of the leases, the Tenants neither vacated the apartments nor paid rent while they retained possession of the property.

In May 2022, Red Apple filed a complaint against State Farm and ALE Solutions to recover the unpaid rent, alleging claims against State Farm for breach of contract, breach of good faith and fair dealing, fraud, fraudulent inducement, and promissory estoppel, and alleging claims against ALE Solutions for fraud and fraudulent inducement.  On November 25, 2022, the district court dismissed Red Apple's breach of good faith and fair dealing, fraud, fraudulent inducement, and promissory estoppel claims against State Farm, pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismissed Red Apple's fraud and fraudulent inducement claims against ALE Solutions, pursuant to Federal Rule of Civil Procedure 12(c).  In the same order, the district court also denied as futile Red Apple's motion for leave to amend its complaint.  On August 30, 2023, the district court reconfirmed and supplemented its November 25 order and granted summary judgment on Red Apple's remaining claim against State Farm for breach of contract, holding that

---

[1]  The guaranty agreement reads in full as follows:  "Please accept this letter as confirmation of State Farm Insurance Company's commitment to pay for a lease term of six (6) months, with a month to month option thereafter, for three (3) units being rented by the above-referenced insured, Tyrana Jones, in accordance with the terms of the applicable leases pertaining to the three (3) units.  Payments for the units will be made by ALE Solutions on behalf of State Farm."  Joint App'x at 100.

State Farm's obligation to pay rent ended when the leases were terminated in November 2020. *See Red Apple Fleet Place Dev., LLC v. State Farm Fire & Cas. Co.*, No. 22-cv-5582 (JSR), 2023 WL 5609303, at \*4–6 (S.D.N.Y. Aug. 30, 2023).

**DISCUSSION**

On appeal, Red Apple argues that the district court erred by: (1) granting summary judgment in State Farm's favor and dismissing the breach of contract claim on the ground that, under the terms of the Guaranty, State Farm was not obligated to pay rent on behalf of the Tenants after the termination of the leases; and (2) denying its motion to amend its complaint to re-plead its fraud and fraudulent inducement claims on the ground that the proposed amendments were futile.[2] We discuss each argument in turn below.

**I.      Breach of Contract Claim**

We review *de novo* the district court's decision to grant summary judgment on Red Apple's breach of contract claim, and will affirm such a decision if, after resolving all ambiguities and drawing all permissible factual inferences in favor of Red Apple, there is no genuine dispute of material fact and State Farm is entitled to judgment as a matter of law. *See Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008); Fed. R. Civ. P. 56(a).

Under New York law, which the parties agree applies, a lease is subject to general rules of contract interpretation. *See S. Rd. Assocs., LLC v. Int'l Bus. Machs. Corp.*, 4 N.Y.3d 272, 277

---

[2]  Red Apple also asserts in a conclusory manner that the district erred in dismissing its claims for fraudulent inducement and breach of the duty of good faith and fair dealing. However, Red Apple's briefing offered no argument on those issues, and thus we consider any such challenge to be abandoned. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Moreover, Red Apple does not challenge on appeal the dismissal of the other claims alleged in the complaint and, thus, we need not address them.

(2005).  Pursuant to these rules, "where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms."  *Global Reinsurance Corp. of Am. v. Century Indem. Co.*, 22 F.4th 83, 94 (2d Cir. 2021) (internal quotation marks and citation omitted).  "A contract is unambiguous where [its] language has a definite and precise meaning, . . . concerning which there is no reasonable basis for a difference of opinion."  *Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019) (internal quotation marks and citation omitted).

Similarly, New York law dictates that a guaranty agreement is also interpreted consistent with ordinary principles of contract interpretation.  *See Seabring, LLC v. Elegance Rest. Furniture Corp.*, 135 N.Y.S.3d 161, 164 (2d Dep't 2020).  To that end, "[a] guarantor should not be bound beyond the express terms of the written guaranty," *2402 E. 69th St., LLC v. Corbel Installations, Inc.*, 124 N.Y.S.3d 632, 634 (2d Dep't 2020), and the guaranty must be "strictly interpreted in order to assure its consistency with the lease terms," *404 Park Partners, L.P. v. Lerner*, 906 N.Y.S.2d 36, 36 (1st Dep't 2010).

Red Apple argues that the district court erred in dismissing its breach of contract claim on the theory that, when read together, the Guaranty and leases obligated State Farm to pay the Tenants' rent, even after the leases were terminated.  In particular, Red Apple asserts that the Guaranty required State Farm to pay rent on behalf of the Tenants, in accordance with the terms of the leases.  Moreover, Red Apple notes that, pursuant to terms in Section 18 of the leases, in the event a tenant does not vacate an apartment at the time a lease is terminated, "[they] must pay an equal amount [of rent] for what the law calls 'use and occupancy' until [they] actually move out."  Joint App'x at 175.  Red Apple reasons that, because the Guaranty does not limit State Farm's obligations to the period during which the leases were in effect and requires State Farm to make

5

rent payments in accordance with the terms of the leases, it is responsible for the use and occupancy costs the Tenants incurred by not vacating the property. Based upon the unambiguous language in the Guaranty and leases, we find this argument unpersuasive.

Here, the terms of the Guaranty state that State Farm made a "commitment to pay" for an initial six-month lease that could be extended on a month-to-month basis. Joint App'x at 100. The Guaranty contains no language explicitly expanding State Farm's obligations beyond that commitment.[3] *2402 E. 69th St., LLC*, 124 N.Y.S.3d at 634 ("A guarantor should not be bound beyond the express terms of the written guaranty[.]"). Further, it is undisputed that Red Apple agreed to release the Tenants and ALE Solutions from their obligations under the leases after November 30, 2020, as memorialized in a Notice of Intent to Vacate that ALE Solutions sent to Red Apple. Taken together, the plain language of the Guaranty required State Farm to pay rent on behalf of the Tenants while the leases were in effect, and, once those leases were properly terminated, State Farm was not obligated to pay any subsequent use or occupancy costs incurred due to the Tenants' failure to vacate. *See Gur Assocs. LLC v. Kassim*, 216 N.Y.S.3d 508, 511 n.2 (Sup. Ct. 2024) ("[A] guarantor cannot be held liable for use and occupancy unless the guaranty explicitly requires it."). Accordingly, we conclude that the district court properly dismissed Red Apple's breach of contract claim.

---

[3] To the extent that Red Apple argues that State Farm's Guaranty should be interpreted as imposing payment obligations that extended beyond the existence of the leases because in a different lease arrangement involving another tenant, State Farm and Red Apple explicitly limited State Farm's obligations to a 24-month period, that argument is unavailing. Where, as here, the terms of a contract are unambiguous, we need not consider extrinsic evidence. *See Chesapeake Energy Corp. v. Bank of N.Y. Mellon Tr. Co., N.A.*, 773 F.3d 110, 114 (2d Cir. 2014) ("When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract." (quoting *Howard v. Howard*, 740 N.Y.S.2d 71, 71 (2d Dep't 2002) (alteration adopted)).

## II.    Leave to Amend

"We review a district court's denial of leave to amend for abuse of discretion," except when, as here, "the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may deny a plaintiff's request to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Miller v. United States ex rel. Miller*, 110 F.4th 533, 550 (2d Cir. 2024) (internal quotation marks and citation omitted). Proposed amendments are futile if they "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 225 (2d Cir. 2017) (internal quotation marks and citation omitted).

Red Apple argues its proposed amendments to the complaint were sufficient to state a claim for fraud and fraudulent inducement, and thus the district court erred in denying its motion for leave to amend as futile. We disagree. As the district court correctly held in denying the motion, Red Apple's proposed amendments would be futile because they did not contain facts that satisfied the heightened pleading standard for fraud claims pursuant to Federal Rule of Civil Procedure 9(b).

Under Rule 9(b), fraud claims must be pleaded with particularity. Fed. R. Civ. P. 9(b). To satisfy this requirement, a plaintiff must: "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Olson*

7

*v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022) (internal quotation marks and citation omitted).   Although Rule 9(b) allows for "[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally," Fed. R. Civ. P. 9(b), a plaintiff must still allege facts "that give rise to a strong inference of fraudulent intent," *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015) (internal quotation marks and citation omitted).

Here, the proposed amended complaint alleged that, unbeknownst to Red Apple, at the time the leases and Guaranty were executed, State Farm and the Tenants were litigating in New York state court (the "New York litigation") over whether the Tenants were entitled to repair costs for their apartment under their State Farm policy, and that Red Apple would not have entered into the leases with the Tenants had it known about this dispute.   Red Apple further proposed alleging that State Farm "knowingly failed to inform [Red Apple]" about the New York litigation "to [Red Apple's] detriment" and that "State Farm had no intention of reimbursing rent beyond 2020 under any circumstances."   Dist. Ct. Dkt. No. 32, ¶¶ 48, 49.

These allegations, however, do not explain why State Farm's failure to disclose the New York litigation demonstrates that State Farm intended to defraud Red Apple.   Red Apple does not dispute that State Farm provided a guaranty and paid rent on behalf of the Tenants until the leases were terminated in November 2020, and even acknowledged that State Farm was required to pay these temporary housing costs pursuant to orders issued in the New York litigation.   Moreover, Red Apple's proposed amendments included no allegations that State Farm knew or should have known that the Tenants would not vacate the apartments at the conclusion of the leases, nor did it include facts supporting the allegation that State Farm actively concealed information about the litigation from Red Apple to induce it to enter into leases with the Tenants.   At bottom, Red

8

Apple's proposed additional allegations are speculative and conclusory, and do not "give rise to a strong inference of fraudulent intent," as is required to satisfy Rule 9(b).  *Loreley Fin.*, 797 F.3d at 171 (internal quotation marks and citation omitted).  Accordingly, the district court properly denied Red Apple's motion to amend its complaint.

*          *          *

We have reviewed Red Apple's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court