## Second 800 No. 2 LLC v Chai Care LLC

2025 NY Slip Op 31946(U)

June 2, 2025

Supreme Court, New York County

Docket Number: Index No. 650564/2024

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>**HON. NICHOLAS W. MOYNE**</u>          PART                    41M

*Justice*

-----------------------------------------------------------------------------X

SECOND 800 NO. 2 LLC,                                 INDEX NO.        650564/2024

                                    Plaintiff,        MOTION DATE      04/15/2024

                     - v -                            MOTION SEQ. NO.     001

CHAI CARE LLC,ZALMAN HOROWITZ, DAVID
WEINBERGER                                            **DECISION + ORDER ON
                                                            MOTION**

                                    Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to/for          <u>                    DISMISSAL                    </u>.

Upon the foregoing documents, it is

This is a motion to dismiss the complaint filed by the defendants, Chai Care LLC, Zalman Horowitz, and David Weinberger.  The core of the dispute revolves around the enforceability of personal guarantees (the "Guarantees") signed by the individual defendants concerning a lease agreement between the plaintiff (Landlord) and non-party Chai Care 42nd St. LLC (Tenant).

On February 8, 2022, Landlord entered into a commercial lease agreement with Tenant for a portion of a unit at 800 Second Avenue, New York, New York. A critical provision (Article 18) of the Lease states that in case of default, re-entry, expiration, or dispossess, the Tenant remains liable for rent and additional rent until the end of the lease term. The Lease also explicitly provides that the Landlord is not under a duty to mitigate its damages after re-entry. The Lease included specific rent abatement periods: a full abatement for 90 days after Landlord delivered an ACP-5, followed by a 50% abatement for the next fourteen months.

On or about February 2, 2022, the Guarantors executed substantively identical unconditional guarantees. These Guarantees obligated the Guarantors, jointly and severally, for all of Tenant's financial and other obligations under the Lease, including rent, additional rent, damages, expenses, and attorneys' fees.  The Tenant defaulted on its payment obligations. Landlord initiated a summary non-payment proceeding and obtained a money judgment and judgment of possession on November 17, 2023. The Tenant was evicted by a City Marshal on December 27, 2023. Tenant's challenges to the judgment and eviction were unsuccessful. Having received no payment from either the Tenant or the Guarantors after the eviction, the Landlord commenced this action on February 2, 2024, seeking judgment against the Guarantors

**650564/2024   SECOND 800 NO. 2 LLC vs. CHAI CARE LLC ET AL**                      **Page 1 of 4**
**Motion No.  001**

1 of 4

for sums due under the Lease (including post-eviction amounts) and for attorneys' fees incurred in enforcing the Guarantees.

The defendants argue for dismissal on three primary grounds. First, they maintain that a Restructuring Agreement between the Landlord and Tenant altered the Tenant's rental obligations, thereby discharging the Guarantors from their payment obligations because the change was made without their consent. Second, the defendants maintain that the execution of a warrant of eviction, and the Tenant's subsequent actual eviction from the leased premises, legally cancelled the Lease and annulled the landlord/tenant relationship, extinguishing any post-eviction liability for the Guarantors. Finally, the Landlord's second cause of action, seeking only attorneys'' fees and costs, is not a legally cognizable stand-alone claim and should be dismissed.

The defendants cite to case law that they claim supports their arguments and also maintain that the documentary evidence, including the Landlord's own records which reflect both the Restructuring Agreement and the fact of eviction, conclusively refute the plaintiff's claims.

**Discharge of Guarantors Due to Modification of the Underlying Agreement (Restructuring Agreement)**

It is well-settled under New York law that guarantees are to be strictly construed, particularly in favor of private guarantors, and that any material alteration to the underlying agreement (the Lease) without the guarantor's consent discharges the guarantor's obligations (*see White Rose Food v Saleh*, 99 NY2d 589, 591 [2003]). "The rationale for discharging a guarantor when the underlying [contract] is modified is that the modification substitutes a new obligation for the old one, and the guarantor cannot be held responsible for the failure of the principal to perform an obligation other than the obligation originally guaranteed" (*Excelsior Capital, LLC v Superior Broadcasting Co., Inc.*, 82 AD3d 696, 698 [2d Dept 2011]; *see White Rose Food* , 99 NY2d at 591).

In support of their motion to dismiss, the defendants have submitted an affidavit from David Weinberger, one of the defendant guarantors. Mr. Weinberger claims that in 2023 Landlord and Tenant entered into a Restructuring Agreement whereby the rent payable by Tenant under the Lease was restructured and deferred. Mr. Weinberger claims that the Restructuring Agreement is evidenced by the Landlord's own business records, which indicate a "Rent Concession" that was part of the Restructuring Agreement. See Weinberger Affm., ¶¶ 6-9, Ex. E thereto. According to the defendants, the Restructuring Agreement altered the Tenant's rental obligations without the express consent of the Guarantors and thereby triggered a discharge of the Guarantors' payment obligations under the Guarantees.

The problem with the defendants' arguments is that they are directly contradicted by the express terms of the Lease and the Guarantees. The Guarantees contain explicit language waiving the need for consent to Lease modifications. As quoted from the Guarantees: "this Guaranty shall in no way be terminated, modified, affected or impaired by, and shall remain in full force and effect as to any modification, extension or renewal of the Lease..." This directly

**650564/2024   SECOND 800 NO. 2 LLC vs. CHAI CARE LLC ET AL**
**Motion No.  001**

**Page 2 of 4**

2 of 4

[* 2]

addresses and refutes the Guarantors' argument that alleged modifications discharged their liability.

**Cancellation of Lease and Annulment of Landlord/Tenant Relationship by Eviction Extinguishing Guarantor Liability**

The legal consequence of executing a warrant of eviction and physically evicting a tenant is the cancellation of the lease agreement and the annulment of the landlord-tenant relationship. Defendants argue that termination of the underlying agreement extinguishes the guarantor's liability for obligations occurring after the eviction as a matter of law. While the Guarantees state they are not impaired by the "invalidity or unenforceability of the Lease," the defendants distinguish this from a legal cancellation due to eviction. The Guarantees explicitly state they remain in effect for "modification, extension or renewal of the Lease and as to any assignment or sublet," but the defendants assert that eviction does not fall under these exceptions. Although the Guaranty states the Tenant's obligation continues regardless of possession, the defendants highlight that it does not explicitly state that the Guarantor's obligations continue after the Lease is cancelled and the landlord/tenant relationship is annulled.

Defendants are correct that the Guaranty is not explicit on this point but err in believing that this ambiguity entitles them to dismissal . Rather, there is an issue of fact as to whether it was the intention of the parties to have the guarantor's obligations continue even after the termination of the lease and the tenant's loss of possession though eviction. The fact that the Lease explicitly states that Tenant remains liable for rent and additional rent after eviction does not automatically negate the defendants claim that eviction terminates their liability under the Guarantees. As set forth above, guarantees should be strictly construed. At the same time, the Guarantees specifically state that "Guarantor acknowledges and agrees that Tenant's obligations under the Lease shall continue to accrue through the term thereof, regardless of whether the Lease has been terminated or whether Tenant is no longer in possession of the Demised Premises... for any reason..." This mirrors the Lease's provision and would seem to support the plaintiff's claim that the intention of the parties was to allow for post-eviction liability against the Guarantors. Put differently, there are no provisions in the lease or guaranty which would suggest that the guarantor's obligations automatically ended after the termination of the landlord-tenant relationship. This issue cannot be resolved on the papers and thus the motion to dismiss must be denied.

Finally, if the plaintiff is successful in prosecuting this action, it will be entitled to attorney's fees pursuant to the Guaranty. It is unnecessary to dismiss the second cause of action at this time.

The motion to dismiss is denied. Defendants shall answer the complaint within 20 days of service upon them by NYSCEF of a copy of this order with notice of entry. The parties shall contact the part to schedule a date for a preliminary conference.

**650564/2024   SECOND 800 NO. 2 LLC vs. CHAI CARE LLC ET AL**
**Motion No.  001**

**Page 3 of 4**

3 of 4

[* 3]

The forgoing constitutes the decision and order of this court.

20250602174442NMOYNECB48FD48F388491EA7D93A0710501E02

**6/2/2025**
**DATE**

**NICHOLAS W. MOYNE, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**650564/2024   SECOND 800 NO. 2 LLC vs. CHAI CARE LLC ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4